Thiago M. Coelho, SBN 324715
*thiago@wilshirelawfirm.com*
Shahin Rezvani, SBN 199614
*srezvani@wilshirelawfirm.com*
Jennifer M. Leinbach, SBN 281404
*jleinbach@wilshirelawfirm.com*
Jesenia A. Martinez, SBN 316969
*jesenia.martinez@wilshirelawfirm.com*
Jesse S. Chen, SBN 336294
*jchen@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiffs*
*and Proposed Class*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIAN SALAZAR, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>RALPH LAUREN CORPORATION, a Delaware Corporation; and DOES 1 to 10, inclusive,<br><br>   Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br>1. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101, *ET ESQ.*<br>2. VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Vivian Salazar ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action based upon personal knowledge as to herself and her own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigations of her attorneys.

### NATURE OF THE ACTION

1. Plaintiff is a visually impaired and legally blind person who requires screen-reading software to read website content using her computer. Plaintiff uses the terms "blind" or

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

"visually impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

2.      Plaintiff, individually and on behalf of those similarly situated persons (hereafter "Class Members"), brings this Class Action to secure redress against Ralph Lauren Corporation ("Defendant"), and DOES 1-10, for its failure to design, construct, maintain, and operate its website to be fully and equally accessible to and independently usable by Plaintiff and other blind or visually impaired people. Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby and in conjunction with its physical locations, is a violation of Plaintiff's and the Class Member's rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act").

3.      Because Defendant's website, including but not limited to https://www.ralphlauren.com/ (the "website" or "Defendant's website"), is not fully or equally accessible to blind and visually impaired consumers, resulting in violation of the ADA, Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually impaired consumers.

**THE PARTIES**

4.      Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Contra Costa. Plaintiff is a legally blind, visually impaired, disabled person, and member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

5.      Defendant is a Delaware corporation with its headquarters in Nutley, New Jersey. Defendant's servers for the website are in the United States. Defendant conducts a large amount of its business in California and the United States as a whole. The physical locations where Defendant's goods and services are sold to the public constitute places of public accommodation pursuant to 42 U.S.C. § 12181(7)(E), as Defendant owns, operates, and controls brick-and-mortar retail stores. Defendant's retail stores provide the public with important goods and services.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   Moreover, Defendant's website provides consumers access to the goods and services which

2   Defendant offers in its brick-and-mortar retail stores. For example, Defendant's website allows

3   consumers to purchase apparel, bags, shoes, watches, and gift cards; access information about

4   returns and exchanges; make instore appointment reservations; and locate Defendant's stores.

5       6.      Defendant's retail stores are public accommodations within the definition of Title

6   III of the ADA, 42 U.S.C. § 12181(7)(E).

7       7.      The website provides access to the goods, services, privileges, and advantages of

8   Defendant's brick-and-mortar retail stores, places of public accommodation, by allowing

9   consumers to purchase apparel, bags, shoes, watches, and gift cards; access information about

10  returns and exchanges; make instore appointment reservations; and locate Defendant's stores.

11      8.      Plaintiff is unaware of the true names, identities, and capacities of Defendants sued

12  herein as DOES 1 to 10. Plaintiff will seek leave to amend this complaint to allege the true names

13  and capacities of DOES 1 to 10 if and when ascertained. Plaintiff is informed and believes, and

14  thereupon alleges, that each Defendant sued herein as a DOE is legally responsible in some

15  manner for the events and happenings alleged herein and that each Defendant sued  herein as a

16  DOE proximately caused injuries and damages to Plaintiff as set forth below.

17                          **JURISDICTION AND VENUE**

18      9.      This Court has subject matter jurisdiction over the state law claims alleged in this

19  Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2)(A) because: (a) the

20  matter in controversy exceeds the sum of $5 million, exclusive of interest and costs; and (b) some

21  of the class members are citizens of a state (California), which is minimally diverse from

22  Defendant's states of citizenship (Delaware and New Jersey).

23      10.     Defendant is subject to personal jurisdiction in this District. Defendant has been

24  and is committing the acts or omissions alleged herein in the Northern District of California that

25  caused injury, and violated rights prescribed by the ADA and Unruh Act, to Plaintiff and to other

26  blind and other visually impaired consumers. A substantial part of the acts and omissions giving

27  rise to Plaintiff's claims occurred in the Northern District of California. Specifically, on several

28  separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods,

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

and services of Defendant's website in Contra Costa County. The access barriers Plaintiff has encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past and now deter Plaintiff on a regular basis from accessing Defendant's website. Similarly, the access barriers Plaintiff has encountered on Defendant's website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's physical locations. Moreover, Defendant owns and operates branded retail stores in the State of California, including Contra Costa County.

11.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq*. and 28 U.S.C. § 1367.

12.     This Court also has subject matter jurisdiction under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiff and Defendant are completely diverse.

13.     This Court has personal jurisdiction over Defendant because it conducts and continues to conduct a substantial and significant amount of business in the State of California, County of Contra Costa, and because Defendant's offending website is available across California.

14.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

15.     Defendant owns, operates, and maintains brick-and-mortar retail store locations in the State of California and the United States as a whole. Defendant's brick-and-mortar retail locations offer goods and services to the public. Defendant also offers the very goods and services that are offered in Defendant's places of public accommodation to the public through the website. Defendant's brick-and-mortar retail store locations are places of public accommodation pursuant to 42 U.S.C. § 12181(7)(E), and Defendant's website is subject to the ADA because it provides

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

methods by which consumers can access the goods and services offered in Defendant's brick-and-mortar retail stores, which are inaccessible to Plaintiff and the Class Members, who are disabled screen reader users.

**THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET**

16.     The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind, and visually impaired persons alike.

17.     In today's tech-savvy world, blind and visually impaired people can access websites using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen. This technology is known as screen-reading software. Screen-reading software is currently the only method a blind or visually impaired person may independently use to access the internet. Unless websites are designed to be read by screen-reading software, blind and visually impaired persons are unable to fully access websites, and the information, products, and services contained thereon.

18.     Blind and visually impaired users of Windows operating system-enabled computers and devices have several screen-reading software programs available to them. Some of these programs are available for purchase and other programs are available without the user having to purchase the program separately. Job Access With Speech, otherwise known as "JAWS," is currently the most popular, separately purchased and downloaded screen-reading software program available for a Windows computer.

19.     For Apple-based products, such as laptops and iPhones, the screen reader called "VoiceOver" is built into the operating system. Akin to JAWS, VoiceOver converts text to speech.

20.     For Android-based products, TalkBack is built into the operating system and converts text to speech.

21.     For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

text, the blind or visually impaired user is unable to access the same content available to sighted users.

22.     The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published Success Criteria for version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1" hereinafter). WCAG 2.1 are well-established guidelines for making websites accessible to blind and visually impaired people. These guidelines are adopted, implemented, and followed by most large business entities who want to ensure their websites are accessible to users of screen-reading software programs. Though WCAG 2.1 is one of, if not the most, valuable resources for companies to operate, maintain, and provide a website that is accessible under the ADA to the public. Plaintiff seeks Defendant's compliance with WCAG 2.1 as a remedy. Plaintiff does not premise Defendant's violations of the ADA nor the Unruh Act on violations of WCAG 2.1. However, the Department of Justice ("DOJ") has issued guidance on how to make web content accessible to people with disabilities. The DOJ's guidance provides that: "Existing technical standards provide helpful guidance concerning how to ensure accessibility of website features. These include [WCAG] and the Section 508 standards, which the federal government uses for its own websites."[1] Accordingly, although not a sole basis to premise violations of the ADA and the Unruh Act on, WCAG 2.1 "provide[s] helpful guidance concerning how to ensure accessibility of website features."

23.     Within this context, the Ninth Circuit has recognized the viability of ADA claims against commercial website owners/operators concerning the accessibility of such websites. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905-06 (9th Cir. 2019*), cert. denied*, 140 S.Ct. 122, 206 L. Ed. 2d 41 (2019). This is in addition to the numerous courts that have already recognized such application.

24.     Each of Defendant's violations of the Americans with Disabilities Act is likewise a violation of the Unruh Civil Rights Act. Indeed, the Unruh Civil Rights Act provides that any violation of the ADA constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f).

---

[1] https://beta.ada.gov/resources/web-guidance/

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**FACTUAL BACKGROUND**

25.     Defendant offers the website to the public. The website offers features which should allow all consumers to access the goods and services which Defendant offers in connection with its physical locations. The goods and services offered by Defendant include, but are not limited to, the following: apparel, bags, shoes, watches, gift cards, returns, exchanges, instore appointments, and Defendant's store locations.

26.     Due to Defendant's failure to properly code its website, Plaintiff and the Class Members have been and are still being denied equal and full access to Defendant's retail stores and the numerous goods, services, and benefits offered to the public through Defendant's website in conjunction with Defendant's brick-and-mortar retail store locations.

**THE WEBSITE BARRIERS DENY PLAINTIFF AND CLASS MEMBERS ACCESS**

27.     Plaintiff and the Class Members are visually impaired and legally blind persons, who cannot use a computer, cellphone, or tablet without the assistance of screen-reading software. However, Plaintiff and the Class Members are proficient users of screen-reading software. Plaintiff is a proficient user of VoiceOver and uses it to access the internet. Plaintiff visited https://www.ralphlauren.com/ using the VoiceOver screen reader to make a purchase for instore pickup.

28.     During Plaintiff's visit to Defendant's website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and services offered and provided to the public through the website in conjunction with its brick-and-mortar retail stores. For example, while attempting to navigate Defendant's website to make an online purchase for instore pickup, Plaintiff encountered user controls and menus that she was not able to interact with using her keyboard. When attempting to browse Defendant's products using Defendant's dropdown menus on the website's homepage, Plaintiff was unable to open the submenus contained within these menus using her keyboard. As Plaintiff can only interact with websites using her screen reader and keyboard due to her visual impairment, this lack of keyboard functionality prevented Plaintiff from finding the product that she wanted to order for instore pickup and completing her desired purchase. As a result of Defendant's deficient website coding

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

practices, Plaintiff was unable to make a purchase using Defendant's website in conjunction with her screen reader and was denied the goods and services of Defendant's brick-and-mortar retail stores. Because Plaintiff and the Class Members are legally blind, they must rely on their screen readers in conjunction with their keyboards, cellphones, or tablets to access and navigate websites, like Defendant's website. As a result of Defendant's failure to ensure that its website is coded to sufficiently interface with Plaintiff's and the Class Member's screen readers, Plaintiff and the Class Members were denied the goods and services offered through Defendant's website which Defendant offers in conjunction with its brick-and-mortar stores, such as the ability to make a purchase which Defendant offers on its website in conjunction with Defendant's brick-and-mortar retail stores. The barriers Plaintiff encountered prevented Plaintiff from consummating a purchase, as Defendant's coding failures made Defendant's website impossible to navigate and impossible to understand what goods and services are being sold.

29.     Defendant's website has numerous access barriers in addition to those already listed, including but not limited to buttons and links that lack accessible names. Defendant's "Book an Appointment" dialog window contains links and buttons that are not coded to be announced by screen readers. This results in screen readers announcing the links and buttons with generic names such as "link," "button," or "clickable." Visually impaired users are thereby prevented from using Defendant's "Book an Appointment" dialog window to reserve an appointment in one of Defendant's stores. These and other coding failures have prevented visually impaired users, such as Plaintiff and Class Members, from accessing the goods and services offered through Defendant's website which Defendant offers in conjunction with its brick-and-mortar stores.

30.     The Class Members all encountered a deficiently coded website. Thus, the Class Members and Plaintiff were barred from accessing goods and services because of Defendant's failure to code its website to be usable by screen readers and they all encountered similar barriers.

31.     As a result, Plaintiff, and the Class Members, who desired to make purchases and access services which Defendant provides through the website in conjunction with Defendant's brick-and-mortar retail stores could not do so as a sighted person could. If Defendant had

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

sufficiently coded the website to be readable by Plaintiff's and the Class Members' screen readers and accessible with their keyboards, Plaintiff and the Class Members would have been able to interact with these elements and complete a purchase as a sighted person could.

32.    Accordingly, Plaintiff and the Class Members were denied the ability to make purchases of goods and services which Defendant provides through the website in conjunction with its places of public accommodation, its retail stores, because Defendant failed to have the proper procedures in place to ensure that content uploaded to the website contain the proper coding to convey the meaning and structure of the website and the goods and services provided by Defendant therewith.

33.    Due to the widespread access barriers Plaintiff and Class Members encountered on Defendant's website, Plaintiff and Class Members have been deterred, on a regular basis, from accessing Defendant's website. Similarly, the access barriers Plaintiff and Class Members encountered on Defendant's website have deterred Plaintiff and Class Members from visiting Defendant's physical locations.

34.    Despite Plaintiff's and the Class Member's attempts to do business with Defendant on its website, the numerous access barriers contained on the website and encountered by Plaintiff, have denied Plaintiff full and equal access to Defendant's website, and Defendant's retail stores. Plaintiff, as a result of the barriers on Defendant's website, continues to be deterred from accessing Defendant's website, and Defendant's retail stores. Likewise, based on the numerous access barriers Plaintiff and the Class Members have been deterred and impeded from the full and equal enjoyment of goods and services offered in Defendant's retail stores. If Defendant's website was properly coded, Plaintiff and the Class Members could and would complete purchases and access other goods and services provided through the website by Defendant in conjunction with its physical retail stores.

35.    Akin to the Plaintiff, the Class Members were denied goods and services which Defendant provides through the website in conjunction with Defendant's retail stores, places of public accommodation. The Class Members and Plaintiff are thereby deterred from patronizing Defendant's retail stores because of Defendant's failure to properly code the website. Like

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Plaintiff, the Class Members were denied access because of Defendant's coding failures. Plaintiff and the Class Members all suffered the same injury because their screen readers were all incapable of reading aloud the visual elements of the website which support the services and goods which Defendant provides through the website in conjunction with its retail stores.

## DEFENDANT'S WEBSITE HAS A SUFFICIENT NEXUS TO DEFENDANT'S PHYSICAL LOCATIONS TO SUBJECT THE WEBSITE TO THE REQUIREMENTS OF THE ADA

36.    Defendant's website is subject to the ADA because the goods and services that Defendant offers on the website are an extension of the goods and services offered in Defendant's brick-and-mortar retail stores. For example, the goods and the services which can be procured online are available for purchase in Defendant's brick-and-mortar retail stores. Moreover, the website connects consumers to the goods and services of Defendant's website by allowing consumers to purchase goods and services provided in Defendant's retail stores through the website. Thus, since the website facilitates access to the goods and services of places of public accommodation, the website falls within the protection of the ADA because the website connects customers to the goods and services of Defendant's physical stores.

## DEFENDANT MUST REMOVE BARRIERS TO ITS WEBSITE

37.    Due to the inaccessibility of the Defendant's website, blind and visually impaired customers such as Plaintiff and the Class Members, who need screen readers, cannot fully and equally use, or enjoy the facilities and services Defendant offers to the public on its website. The access barriers Plaintiff and Class Members encountered have caused a denial of Plaintiff's and the Class Members' full and equal access in the past and now deter Plaintiff and the Class Members on a regular basis from accessing the website.

38.    These access barriers on Defendant's website have deterred Plaintiff and the Class Members from enjoying the goods and services of Defendant's brick-and-mortar retail stores which are offered through Defendant's website in a full and equal manner to sighted individuals. Plaintiff and Class Members intend to visit the Defendant's locations if Plaintiff and Class Members could access Defendant's website fully and equally as a sighted person can.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

39.     If the website was equally accessible to all, Plaintiff and Class Members could independently navigate the website and complete a desired transaction, as sighted individuals do.

40.     Plaintiff, through Plaintiff's attempts to use the website, has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually impaired people.

41.     The Defendant uses standards, criteria, or methods of administration that have the effect of discriminating or perpetuating the discrimination against others, as alleged herein.

42.     The ADA expressly contemplates the injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> In the case of violations of […] this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities […]. Where appropriate, injunctive relief shall also include requiring the […] modification of a policy […]. 42 U.S.C. § 12188(a)(2).

43.     Because Defendant's website has never been equally accessible and because Defendant lacks a corporate policy that is reasonably calculated to cause the Defendant's website to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring the Defendant to retain a qualified consultant acceptable to Plaintiff to assist Defendant to comply with WCAG 2.1 guidelines for Defendant's website. The website must be accessible for individuals with disabilities who use desktop computers and laptops. Plaintiff and Class Members seek that this permanent injunction require Defendant to cooperate with the agreed-upon consultant to: train Defendant's employees and agents who develop the website on accessibility compliance under the WCAG 2.1 guidelines; regularly check the accessibility of the website under the WCAG 2.1 guidelines; regularly test user accessibility by blind or vision-impaired persons to ensure that the Defendant's website complies under the WCAG 2.1 guidelines; and develop an accessibility policy that is clearly disclosed on the Defendant's website. The above provides contact information for users to report accessibility-related problems and require that any third-party vendors who participate on the Defendant's website to be fully accessible to people with disabilities by conforming with WCAG 2.1.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

44.     If Defendant's website was accessible, Plaintiff and Class Members could independently access information about goods and services offered and consummate a purchase as a sighted person can.

45.     Although Defendant may currently have centralized policies regarding maintaining and operating Defendant's website, Defendant lacks a plan and policy reasonably calculated to make Defendant's website fully and equally accessible to, and independently usable by, blind and other visually impaired consumers.

46.     Defendant has, upon information and belief, invested substantial sums in developing and maintaining Defendant's website and Defendant has generated significant revenue from Defendant's website. These amounts are far greater than the associated cost of making Defendant's website equally accessible to visually impaired customers.

47.     Without injunctive relief, Plaintiff and Class Members will continue to be unable to independently use Defendant's website resulting in a violation of their rights.

## CLASS ACTION ALLEGATIONS

48.     Plaintiff, on behalf of herself and all others similarly situated, seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2) (b)(3), the <u>Nationwide</u> class is initially defined as follows:

> all legally blind individuals who have attempted to access Defendant's website using screen-reading software from January 2022 up to and including final judgment in this action.

49.     The <u>California class</u> is initially defined as follows:

> all legally blind individuals in the State of California who have attempted to access Defendant's website using screen-reading software during January 2022 to July 31, 2023.

50.     Excluded from each of the above Classes is Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant. Also excluded are the judge and the court personnel in this

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

case and any members of their immediate families. Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

51. *Numerosity*: Fed. R. Civ. P. 23(a)(1). This action has been brought and may properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. Upon information and belief, there are over 7,400 injured class members. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

52. *Typicality*: Plaintiff and Class Members' claims are typical of the claims of the Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful conduct, as detailed herein.

53. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Members of the Class in that they have no interests antagonistic to those of the other Members of the Class. Plaintiff has retained experienced and competent counsel.

54. *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Members of the Class to individually seek redress for the wrongful conduct alleged herein. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action. If Class treatment of these claims were not available Defendant would likely unfairly receive thousands of dollars or more in improper revenue.

55. *Common Questions Predominate*: Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the common questions of law and fact applicable to the Class are:

    i.   Whether Defendant's website is inaccessible to the visually impaired who

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

               use screen-reading software to access internet websites;

ii.    Whether Plaintiff and Class Members have been unable to access the website through the use of screen-reading software;

iii.   Whether the deficiencies in Defendant's website violate the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.*;

iv.   Whether the deficiencies in Defendant's website violate the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.*;

v.    Whether, and to what extent, injunctive relief should be imposed on Defendant to make the website readily accessible to and usable by visually impaired individuals;

vi.   Whether Plaintiff and Class Members are entitled to recover statutory damages with respect to Defendant's wrongful conduct; and

vii.  Whether further legal and/or equitable relief should be granted by the Court in this action.

56.     The class is readily definable and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude the maintenance of this matter as a Class action.

57.     The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

58.     The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual Members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

59.     The prosecution of separate actions by Members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.

1   Additionally, individual actions may be dispositive of the interest of all Members of the Class

2   although certain Class Members are not parties to such actions.

3       60.     Defendant's conduct is generally applicable to the Class as a whole and Plaintiff

4   seek, *inter alia*, equitable remedies with respect to the Class as a whole. As such, Defendant's

5   systematic policies and practices make declaratory relief with respect to the Class as a whole

6   appropriate.

7                                   **COUNT I**

8   **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181**

9                                   ***ET SEQ.***

10          (On Behalf of Plaintiff, the Nationwide Class, and the California Class)

11      61.     Plaintiff re-alleges and incorporates herein by reference each and every allegation

12  contained in Paragraphs 1 through 60, inclusive, of this complaint as though fully set forth at

13  length.

14      62.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq*., provides: "No

15  individual shall be discriminated against on the basis of disability in the full and equal enjoyment

16  of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

17  accommodation by any person who owns, leases (or leases to), or operates a place of public

18  accommodation." 42 U.S.C. § 12182(a).

19      63.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also

20  includes, among other things: "a failure to make reasonable modifications in policies, practices,

21  or procedures, when such modifications are necessary to afford such goods, services, facilities,

22  privileges, advantages, or accommodations to individuals with disabilities, unless the entity can

23  demonstrate that making such modifications would fundamentally alter the nature of such goods,

24  services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps

25  as may be necessary to ensure that no individual with a disability is excluded, denied services,

26  segregated or otherwise treated differently than other individuals because of the absence of

27  auxiliary aids and services, unless the entity can demonstrate that taking such steps would

28  fundamentally alter the nature of the good, service, facility, privilege, advantage, or

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a). In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii).

64.     Defendant's retail store locations are "public accommodations" within the meaning of 42 U.S.C. § 12181 *et seq*. Upon information and belief, Defendant generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages, and accommodations in California through its locations and related services, privileges, advantages, and accommodations, and its website is a service, privilege, advantage, and accommodation provided by Defendant that are inaccessible to customers who are visually impaired like Plaintiff and the Class Members. This inaccessibility denies visually impaired customers full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that Defendant makes available to the non-disabled public. Defendant is violating the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., in that Defendant denies visually impaired customers the services, privileges, advantages, and accommodations provided by the website. These violations are ongoing.

65.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff requests relief as set forth below.

## COUNT II

## VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *ET SEQ.*

(On Behalf of Plaintiff and the California Class)

66.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 65, inclusive, of this complaint as though fully set forth at length.

67.     Defendant's retail store locations are "business establishments" within the meaning of the California Civil Code § 51 *et seq*. Upon information and belief, Defendant generates millions of dollars in revenue from the sale of its services in California through its physical locations and related services, and the website is a service provided by Defendant that is inaccessible to customers who are visually impaired like Plaintiff and Class Members. This inaccessibility denies visually impaired customers full and equal access to Defendant's facilities and services that Defendant makes available to the non-disabled public. Defendant is violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., in that Defendant is denying visually impaired customers the services provided by the website. These violations are ongoing.

68.     Defendant is violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*. in that the conduct alleged herein likewise constitutes a violation of various provisions of the ADA, 42 U.S.C. § 12101 *et seq*. Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

69.     The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*.; therefore, Plaintiff and Class Members are entitled to injunctive relief remedying the discrimination.

70.     Plaintiff and Class Members are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

71.     Plaintiff and Class Members are also entitled to reasonable attorneys' fees and costs.

72.     Plaintiff and Class Members are also entitled to a preliminary and permanent injunction enjoining Defendant from violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., and requiring Defendant to take the steps necessary to make the website readily accessible to and usable by visually impaired individuals.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all Class Members, respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

A.    For an Order certifying the Nationwide Class and California Class as defined herein and appointing Plaintiff and her Counsel to represent the Nationwide Class and the California Class;

B.    A preliminary and permanent injunction pursuant to 42 U.S.C. § 12188(a)(1) and (2) and section 52.1 of the California Civil Code enjoining Defendant from violating the Unruh Civil Rights Act, the ADA and requiring Defendant to take the steps necessary to make the website readily accessible to and usable by visually impaired individuals;

C.    An award of statutory minimum damages of $4,000 per offense per person pursuant to section 52(a) of the California Civil Code;

D.    For attorneys' fees and expenses pursuant to California Civil Code §§ 52(a), 52.1(h), and 42 U.S.C. § 12205;

E.    For pre-judgment interest to the extent permitted by law;

F.    For costs of suit; and

G.    For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial for all claims so triable.

Dated: December 28, 2023        Respectfully Submitted,

/s/ *Thiago M. Coelho*
Thiago M. Coelho
**WILSHIRE LAW FIRM**
*Attorney for Plaintiff and*
*Proposed Class*