UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PAUL MERRELL,<br><br>Plaintiff,<br><br>v.<br><br>RALPH LAUREN CORPORATION,<br><br>Defendant. | Case No. 23-cv-06669-HSG<br><br>**ORDER DENYING REQUEST TO CONTINUE FACT DISCOVERY DEADLINE**<br><br>Re: Dkt. No. 70 |

The parties filed a stipulation with proposed order requesting to continue the class certification discovery deadline to September 9, 2025. *See* Dkt. No. 70 at 3. For several reasons, the Court **DENIES** the request without prejudice.

First, the stipulation does not acknowledge that the Court previously extended the class certification discovery deadline to September 2, 2025. *See* Dkt. No. 69 at 2. Accordingly, the request to move the deadline to September 9, 2025, so that Defendant may have "an additional four (4) weeks" to produce documents, *see* Dkt. No. 70 at 3, does not make sense. Second, the request to extend the parties' "joint letter deadline" to September 23, 2025, is unclear. *See id.* at 3. The Court's Standing Order requires the parties to file a joint letter outlining any unresolved discovery disputes "as early as possible," which the Court may then refer to a Magistrate Judge to handle. *See* Standing Order for Civil Cases Before District Judge Haywood S. Gilliam, Jr. ¶ 18. Here, the parties have not raised any discovery disputes with the Court. If this does occur, and the Court refers the discovery issues to a Magistrate Judge, any related briefing deadlines will be within the discretion of that judge.

Finally, based on the parties' request to file a discovery letter in late September, and other statements in their filing, the Court understands that the parties also seek a continuance of their class certification briefing deadlines. *See* Dkt. No. 70 at 2 (stating that the parties "submit this

stipulation and proposed order to continue Plaintiff's class certification fact discovery cutoff date . . . in addition to continuing the class certification briefing schedule a corresponding (4) weeks"). However, the parties did not include this request in their actual stipulation. *See* Dkt. No. 70 at 3 (stating only that the parties agree "that the class certification discovery cutoff date of August 12, 2025, be continued to September 9, 2025, for the purpose of allowing Defendant to produce documents responsive to Plaintiff's discovery requests and the joint letter deadline is extended to September 23, 2025."). They also did not propose a revised briefing schedule, which should have been presented side-by-side with the existing briefing schedule. In sum, the parties have failed to actually request an extension of their class certification briefing schedule, let alone present one with enough detail and clarity for the Court to substantively review.

Accordingly, the Court **DENIES** the parties' request, Dkt. No. 70, without prejudice to refiling if the parties can correct the deficiencies outlined above. The parties should understand that the Court ultimately may decide not to grant all or part of any properly-requested continuance.

**IT IS SO ORDERED.**

Dated:   8/12/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge