UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PAUL MERRELL,<br>Plaintiff,<br>v.<br>RALPH LAUREN CORPORATION,<br>Defendant. | Case No. 23-cv-06669-HSG<br>**ORDER DENYING MOTION TO TRANSFER VENUE**<br>Re: Dkt. No. 60 |

Before the Court is Defendant Ralph Lauren Corporation's motion to transfer venue, Dkt. No. 60. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **DENIES** the motion.

**I.   BACKGROUND**

In December 2023, Plaintiff Vivian Salazar filed a putative class action complaint against Defendant alleging claims under the Americans with Disabilities Act ("ADA") and Unruh Civil Rights Act. *See* Dkt. No. 1. Ms. Salazar, a resident of Contra Costa County, alleged that, due to the coding of Defendant's website, she was unable to locate Defendant's physical store locations as a legally blind individual. *Id.* ¶¶ 4, 10. Ms. Salazar sued Defendant on behalf of a putative nationwide class and California statewide class. *Id.* ¶¶ 48, 49. According to Salazar, personal jurisdiction over Defendant, as well as venue in the Northern District of California, were satisfied as to her claims because she alleged that she had "been denied the full use and enjoyment of the facilities, goods, and services of Defendant's website in Contra Costa County." *Id.* ¶¶ 10, 14.

In May 2025, counsel filed an amended complaint replacing Ms. Salazar with Richard Merrell ("Plaintiff") as named plaintiff. *See* Dkt. No. 58 ("FAC"). Plaintiff brings the same claims as Ms. Salazar on behalf of identical putative classes. *See id.* ¶ 2. He similarly alleges that

"Defendant's failure to ensure that its website is coded to sufficiently interface with . . . screen readers . . . prevented [him] from consummating a purchase, as Defendant's coding failures made Defendant's website impossible to navigate." *Id.* ¶ 28.  As such, he was unable "to make an online purchase for instore pickup." *Id.* Unlike Ms. Salazar, Plaintiff resides in Riverside County, which is located within the Central District of California. *See id.* ¶ 4. Despite this, Plaintiff maintains that he, too, was denied "full use and enjoyment . . . of Defendant's website in Contra Costa County, including the inability to locate directions to the Ralph Lauren store in this jurisdiction." *Id.* ¶ 10.

Defendant now moves to transfer this case to the Central District. Dkt. No. 60 ("Mot."). Plaintiff opposes transfer. Dkt. No. 65 ("Opp.").

## II.    LEGAL STANDARD

Defendant brings its motion under 28 U.S.C. § 1404(a), which permits a district court to transfer any civil action to "any other district or division where it might have been brought" for the convenience of the parties and witnesses and "in the interest of justice." 28 U.S.C. § 1404(a). The Court engages in a two-step analysis in deciding a motion to transfer under this provision. First, it determines "whether the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) (quoting 28 U.S.C. § 1404(a)). If it is, the Court engages in an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In this district, courts weigh private interest factors (such as the plaintiff's choice of forum and the convenience of the parties, witnesses, and evidence) and public interest factors (such as the familiarity of the court in each forum with the applicable law, the feasibility of consolidation with other claims, any local interest in the controversy, and the cost differential of litigation in the two forums) to determine if transfer is warranted. *See*, *e.g.*, *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000); *Perez v. Performance Food Grp., Inc.*, No. 15-cv-02390-HSG, 2017 WL 66874, at *2 (N.D. Cal. Jan. 6, 2017).

A motion to transfer venue lies within the broad discretion of the district court. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) ("Weighing of the factors for and

1  against transfer involves subtle considerations and is best left to the discretion of the trial judge."
2  (citation omitted)).  The moving party bears the burden of showing that the transferee district is a
3  "more appropriate forum."  *See Jones*, 211 F.3d at 499.

**III.   DISCUSSION**

    **A. Whether This Action Could Have Been Brought in the Central District of California**

"An action could have been brought in any court that has subject matter jurisdiction over the claims and personal jurisdiction over the defendant, and where venue would have been proper."  *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1040 (N.D. Cal. Jan. 23, 2020) (citation modified).  The parties do not dispute that the Northern and Central Districts both have subject matter jurisdiction over Plaintiff's claims due to diversity of citizenship.  *See* FAC ¶¶ 3–4; 28 U.S.C. § 1332(d)(2)(A).  Plaintiff also does not affirmatively dispute that the Central District would have been able to assert personal jurisdiction over Defendant.  *See* Opp. at 4–5.

Under 28 U.S.C. § 1391(b)(2), venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b)(2).  Defendant contends that because Plaintiff resides in Riverside County, his suit necessarily "revolves around his interaction with Defendant's website in Riverside, and his alleged inability to access Defendant's brick-and-mortar stores closest to his residence in Riverside."  *See* Mot. at 7.  Consequently, "a substantial part of the events or omissions giving rise to the claim occurred in the Central District," and venue in the Central District is therefore proper.  *See id.* at 12–13.

In opposition, Plaintiff argues that the Central District is not a proper forum because he "inherited [Ms. Salazar's] choice of forum," and she does not reside in the Central District, and her injuries did not take place there.  *See* Opp. at 4.  However, he does not cite any authority to support the proposition that, even though Ms. Salazar is no longer the named plaintiff in this case, facts regarding her residence or injuries are relevant to the transfer analysis for Plaintiff's claims.  *See id.*  In addition, Plaintiff contends that although he resides in the Central District, his own "allegations related to issues in this jurisdiction make the Northern District an appropriate venue."  *See* Opp. at 3–4.  While thin, the complaint does allege that Plaintiff "has been denied the full use

3

and enjoyment of the facilities, goods, and services of Defendant's website in Contra Costa County," and that "a substantial portion of the conduct complained of herein occurred in this District." FAC ¶ 10, 14.[1]

The Court finds that Defendant has met its burden of showing that this action could have been brought in the Central District. In deciding discretionary motions, the Court can make "inferences that may be drawn from the facts in the record." *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (citation omitted). Further, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal citations and quotations omitted); *see also InMode Ltd. v. BTL Indus., Inc.*, 756 F. Supp. 3d 809, 818 (C.D. Cal. 2024) (holding that "the Court is not obligated to accept [Plaintiff]'s conclusions as true" on a § 1404(a) motion). Applying these principles here, given the nature of Plaintiff's claims, his undisputed residence in Riverside County, and the lack of any detailed allegations connecting him and his theory of liability to Contra Costa County, it is reasonable to conclude that Plaintiff likely suffered his alleged injury in Riverside County. *See Perez v. Performance Food Grp., Inc.*, 2017 WL 66874, at *3 n.6 (inferring where "the alleged violations must have occurred" based on facts in the record); *Garland v. Duane Morris, LLP*, No. 24-cv-04639-HSG, 2024 WL 4428976, at *2 (N.D. Cal. Oct. 4, 2024) (same). Consequently, the Court finds that venue would be proper in the Central District.

//

//

---

[1] On reply, Defendant asks the Court to take judicial notice of an exhibit purporting to show Plaintiff's LinkedIn profile, in order to argue that he works from home in Riverside County in addition to residing there. *See* Dkt. No. 66-1. Under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact "not subject to reasonable dispute" because it either (1) "is generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, a court may not take judicial notice of any fact that is "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Here, the veracity and accuracy of the contents of the Linkedin profile are reasonably subject to dispute because Plaintiff did not have an opportunity to respond to Defendant's request. As such, the Court **DENIES** Defendant's request for judicial notice.

4

### B. Convenience Factors

#### 1. Plaintiff's Choice of Forum

Ordinarily, "the defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, this deference is reduced in certain circumstances. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). "[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Id.* Additionally, where the plaintiff is not a resident of the chosen forum, "[their] choice of forum is entitled to less weight." *Perez*, 2017 WL 66874, at *3. Finally, where "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," any deference to the chosen forum is diminished to "only minimal consideration." *See Lou*, 834 F.2d at 739.

To start, Plaintiff's choice of forum is entitled to minimal consideration as he is representing a putative nationwide and statewide class. *See* FAC ¶ 2. Further, he is not a resident of his chosen (or more accurately, inherited) forum. *See id.* ¶ 4. Under the circumstances, Plaintiff's entitlement to deference is substantially reduced. *See Lou*, 834 F.2d at 739. Accordingly, this factor weighs minimally against transfer.

#### 2. Private Factors

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (citation omitted). Defendant argues that the testimony of "store managers and customer service representatives who work at numerous stores throughout the Central District," Reply at 8, likely will be necessary to "shed light on Defendant's processes and procedures for instore pickup and aid of disabled customers." Mot. at 15. For his part, Plaintiff identifies "web coding witnesses" as those most likely to testify, but concedes that he "does not know where [they] . . . are located." *See* Opp. at 8. Ultimately, given that Plaintiff's theory is that the design of the website itself interferes with visually disabled customers' ability to make purchases in the first place, it is not self-evident to the Court that the testimony of store personnel

5

who actually manage the logistics of in-store pickups will be as central as Defendant suggests. *See* FAC ¶ 28 ("As Plaintiff can only interact with websites using his screen reader and keyboard due to his visual impairment, this lack of functionality prevented Plaintiff from finding the product that he wanted to order for instore pickup and completing his desired purchase. . . . The barriers Plaintiff encountered prevented Plaintiff from consummating a purchase, as Defendant's coding failures made Defendant's website impossible to navigate and impossible to understand what goods and services are being sold."). The Court accordingly finds this factor to be neutral, given that neither party explains where witnesses knowledgeable about the website design live.

Regarding the convenience of the parties, Plaintiff and his counsel are located in the Central District. *See* Dkt. No. 67; FAC ¶ 4. However, "courts do not consider the convenience to parties that have chosen to bring a case in a forum where they do not reside." *Perez*, 2017 WL 66874, at *3. For venue purposes, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and it does not contest that it would be subject to personal jurisdiction in either forum. *See* 28 U.S. Code § 1391(c)(2). Accordingly, this factor is neutral.

Finally, as neither party contends that ease of access to relevant evidence differs between the Central and Northern Districts, this factor is neutral. *See* Mot. at 19–20; Opp. at 4 n.3.

### 3. Public Factors

Defendant argues that "the Northern District has no interest in adjudicating the controversy." Mot. at 18. The Court disagrees for several reasons.

First, the Northern District has a local interest in Plaintiff's claim because he purports to represent both a nationwide and statewide class, presumably with members who reside in this district. *See Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 WL 6982571, at *11 (N.D. Cal. Dec. 9, 2014) (observing that "the Northern and Central Districts would have an equal interest in a certified class's case").

Second, and most importantly, this case has been pending in this district since December 2023. *See* Dkt. No. 1. Discovery is nearly complete, and Plaintiff's motion for class certification is due on October 15, 2025, just over two months from now. Dkt. No. 59. The Court understands

that this issue arose late in the litigation after the originally-proposed named plaintiff withdrew from the case. But regardless, whatever the merits of this transfer motion might have been at an earlier stage in the case, the Court finds that the public interest in a timely resolution here weighs dispositively against asking a new judge in a new district to take on this case at this late date. The case simply has progressed too far in this Court for a transfer to the Central District to make sense now, and this factor weighs very heavily against transfer.

## IV. CONCLUSION

On balance, the discretionary factors here weigh decisively against transferring this case at this late stage. The Court thus **DENIES** Defendant's motion to transfer, Dkt. No. 60.

**IT IS SO ORDERED.**

Dated: 8/12/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge