UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PAUL MERRELL,<br><br>Plaintiff,<br><br>v.<br><br>RALPH LAUREN CORPORATION,<br><br>Defendant. | Case No. 23-cv-06669-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 78, 79, 83, 85, 87, 98, 100, 103, 105, 107, 112 |

Before the Court are several motions to seal relating to the parties' briefing for the motion for class certification and three motions to exclude. Dkt Nos. 78, 79, 83, 85, 87, 98, 100, 103, 105, 107, 112. The Court **GRANTS IN PART** and **DENIES IN PART** the motions.

## I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). A "strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citations, internal quotation marks, and alterations omitted).

Records attached to motions that are only "tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil

Procedure. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *see also Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. Proc. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

Under the local rules, the party seeking to file a document or portions of it under seal also "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not sufficient. *See id.* 79-5(c). "Only in rare circumstances should a party seek to file portions of a pleading or brief under seal." *Id.* 79-5(e).

In addition, when a party seeks to seal a document that has been designated as confidential by another party or non-party, the party filing the sealing motion need not satisfy the showing described above. *See id.* 79-5(f)(1). Instead, within seven days of the motion's filing, the designating party must file a statement or declaration justifying the reasons for keeping the document or information under seal. *Id.* 79-5(f)(3). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed material without further notice to the designating party. *Id.*

## II.    DISCUSSION

Because the parties seek to seal documents related to Plaintiff's motion for class certification and three motions to exclude that are more than "tangentially related to the merits of [the] case," the Court applies the "compelling reasons" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see also Yan Mei Zheng v. Toyota Motor Corp.*, No. 17-CV-06591-BLF, 2019 WL 6841324, at *1 (N.D. Cal. Dec. 16, 2019) (following "numerous other district courts within the Ninth Circuit in concluding that the compelling reasons standard applies to motions to seal

2

United States District Court
Northern District of California

documents relating to class certification").

### a. Dkt. No. 78

Plaintiff filed an administrative motion to consider whether to seal nine exhibits from his motion for class certification, which contained material marked by Defendant as confidential. Dkt. No. 78. Defendant filed a timely response, requesting that Exhibits 2, 6, 7, and 12 be sealed in their entirety. Dkt. No. 81 at 2–3. Defendant also stated that Exhibits 1, 3, 4, 5, and 8 did not require sealing. *Id.* at 3.

Exhibit 12 is a table showing yearly user visits and revenues for ralphlauren.com. *See* Dkt. No. 78-11. Exhibits 2 and 6 are statements of work between Defendant and non-party vendor UsableNet Inc. *See* Dkt. Nos. 78-4, 78-8. The Court finds that these documents contain the companies' commercially sensitive and confidential business information that satisfies the compelling reasons standard and outweighs the public's interest in viewing the documents. *See Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) ("[C]onfidential business information in the form of license agreements, financial terms, details of confidential licensing negotiations, and business strategies satisfies the compelling reasons standard." (quotation omitted)). Further, UsableNet did not voluntarily put this information at issue in this litigation. *See United States v. Bazaarvoice, Inc.*, No. 13-CV-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014).

However, Exhibit 7 is a series of UsableNet software "bug" tickets that primarily show screenshots of Defendant's seemingly-public webpages. *See* Dkt. No. 78-9. Defendant does not specifically explain why this information needs to be fully sealed, and it has not met its burden. Accordingly, the Court **GRANTS** the motion as to Exhibits 2, 6, and 12 and **DENIES** the motion as to the remaining exhibits. Plaintiff is **ORDERED** to file Exhibits 1, 3, 4, 5, and 8 on the docket within 10 days. Defendant is **ORDERED** to file any renewed motion for Exhibit 7 within 10 days. The parties should also file an unredacted version of Exhibit 7 on the docket if Defendant chooses not to file a renewed motion.

### b. Dkt. No. 79

Plaintiff filed an administrative motion to redact almost all of his two expert reports and

United States District Court
Northern District of California

extensive portions of his motion for class certification. *See* Dkt. No. 79. Plaintiff argues that these excerpts contain personally identifying information and "private, confidential, and/or proprietary business information reflecting the operational investment of time, money, and effort by entities affiliated with Plaintiff." *Id.* at 4.

Plaintiff generally argues that "non-public expert research assets, including proprietary survey instruments, sampling plans, weighting schemes, and analytic models" are "trade-secret-like," and "disclosure would allow others to appropriate the methods at no cost or tailor cross-examination and competing reports around the expert's proprietary 'recipe.'" *Id.* at 6. The Court has serious skepticism about whether this would constitute a compelling reason for sealing, as such a broad view seems to permit extensive sealing of almost any expert report, denies the public an explanation of how an expert's conclusions were reached, and seems partially predicated on a desire to shield methodologies from criticism. The Court is also doubtful that most—or any—of the general methodologies described in these reports can be described as "proprietary survey instruments" or "trade-secret-like." Plaintiff does not identify cases squarely confronting this kind of sealing request, and he should do so if he attempts to seal these documents again.

But even if the Court was persuaded about the purported harms, Plaintiff's proposed redactions do not come remotely close to being narrowly tailored. Plaintiff claims that the Court has "discretion to seal specific technical details while leaving the substance of the opinions public," *id.* at 6, yet Plaintiff broadly attempts to seal high-level conclusions, methodologies, and arguments. *See, e.g.*, Dkt. No. 79-5 at 12:22–24, 14:11, 24:5–18; Dkt. No. 79-4 ¶ 11; *cf. Iglesias v. For Life Prods., LLC*, No. 21-CV-01147-TSH, 2024 WL 4149944, at *4 (N.D. Cal. Sept. 10, 2024) ("Plaintiffs' proposed order reaches far beyond sealable information, extending to recitations of the respective experts' qualifications and to descriptions of documents in the public record, such as information contained in Plaintiffs' publicly-filed complaint."). Despite the local rule's requirement that a party should seek to file portions of a brief under seal "[o]nly in rare circumstances," Civil L.R. 79-5(e), Plaintiff has sought to redact extensive portions of his opening brief, such that significant arguments would be indecipherable to the public.

Plaintiff's motion is **DENIED**. Plaintiff is **ORDERED** to submit any renewed motion

United States District Court
Northern District of California

identifying narrower redactions within 10 days of this order. If Plaintiff chooses not to renew his motion as to certain documents, he must work with Defendant to file those unsealed documents on the public docket within 10 days of this order. Failure to limit proposed redactions to genuinely sensitive information will result in denial of the motion and an order requiring that all documents be filed on the public docket.[1] As it stands, the Court would reject the vast majority of the proposed redactions. While the Court may be willing to redact personally identifying information and genuinely confidential source code or trade secrets, Plaintiff should narrowly tailor his requests to seal *only* that information.[2]

### c.  Dkt. Nos. 83, 85, 87, 98, 100, 103, 105, 107, 112

Defendant filed five administrative motions to consider whether to seal material marked by Plaintiff as confidential, all relating to Defendant's motions to exclude and Plaintiff's motion for class certification. Dkt. Nos. 83, 85, 87, 107, 112. Plaintiff filed timely responses. Dkt. Nos. 92, 93, 94, 114, 115. Similarly, Plaintiff filed four motions to seal material relating to the same motions. Dkt. Nos. 98, 100, 103, 105. In each case, Plaintiff requests the same vastly overbroad redactions, primarily relating to his expert witnesses. For the same reasons described above, these motions are **DENIED**. Plaintiff is **ORDERED** to submit any renewed motion identifying narrower redactions within 10 days of this order. If Plaintiff chooses not to renew his motion as to certain documents, he must work with Defendant to file those unsealed documents on the public docket within 10 days of this order.

### III.  CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Dkt. No. 78. The Court **DENIES** Dkt. Nos. 79, 83, 85, 87, 98, 100, 103, 105, 107, 112. Pursuant to Civil L.R. 79-5(g), any documents for which the motions to seal have been granted will remain under seal. For all

---

[1] In addition, the Court notes that Plaintiff did not file a public redacted version of Exhibit 11, despite apparently seeking only partial redactions. *See* Dkt. No. 77-14 (Exhibit 11 sealed in its entirety). If Plaintiff files a renewed motion as to Exhibit 11, he must file both a public redacted version and a sealed version.

[2] The Court also will not seal high-level summaries in Plaintiff's briefing just because an underlying exhibit is sealed or redacted.

United States District Court
Northern District of California

other documents, the parties shall have 10 days from the date of this order to (1) meet and confer and file public versions of documents for which the proposed sealing has been denied; and/or (2) file renewed motions to seal as to any documents the parties continue to believe should be under seal.

Any renewed motion from Plaintiff should be in the form of an omnibus motion. For every document he wishes to seal, he should include a revised public redacted version and a sealed unredacted version. Each document should be labeled on the docket in a straightforward fashion, consistent with the existing exhibit numbers (i.e. "Unredacted - Ex. 11 to Plaintiff's Motion for Class Certification"). Plaintiff should also include a declaration that *specifically* identifies the reasons for redacting each of the exhibits. General arguments will not suffice.

**IT IS SO ORDERED.**

Dated:  6/16/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

6