UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD PAUL MERRELL,
Plaintiff,

v.

RALPH LAUREN CORPORATION,
Defendant.

Case No. 23-cv-06669-HSG

**ORDER GRANTING MOTION FOR LEAVE TO AMEND; DENYING MOTION TO SEAL**

Re: Dkt. Nos. 160–61

Pending before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint ("SAC"), ("Mot.") Dkt. No. 160, and an Administrative Motion to Consider Whether Defendant's Material Should be Sealed in connection with the same, Dkt. No. 161. The Court **GRANTS** the Motion for Leave and **DENIES** the Motion to Seal.

## I. BACKGROUND

In May 2025, Plaintiff Richard Paul Merrell filed the first amended class action complaint against Defendant Ralph Lauren Corporation. Dkt. No. 58. Plaintiff is visually impaired and legally blind. *Id.* ¶ 1. Plaintiff alleges violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the California Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. *Id.* ¶¶ 60–71.

On July 9, 2026, the Court certified a nationwide class under Federal Rule of Civil Procedure 23(b)(2) defined as: "All legally blind individuals who have attempted to access Defendant's website using screen-reading software from January 2022 up to and including final judgment in this action." Dkt. No. 148 at 42. On August 14, 2026, the Court entered an Amended Scheduling Order setting August 31, 2026, as the deadline for Plaintiff to amend the pleadings.

Dkt. No. 159 at 1. On that deadline, Plaintiff filed the Motion for Leave.

**II. LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 15, a party may amend its pleading "once as a matter of course" under certain circumstances. Fed. R. Civ. P. 15(a)(1)(A)-(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations omitted). When considering whether to grant leave to amend, the court considers several factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court weighs prejudice to the opposing party most heavily. *Eminence Cap.*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Courts generally apply the "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (*quoting Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). But records attached to motions that are only "tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099, 1101 (9th Cir. 2016) (citations omitted); *see Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (quotation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**III. DISCUSSION**

United States District Court
Northern District of California

**a. Leave to Amend**

Leave to amend is proper under Rule 15(a)(2). First, Plaintiff complied with the Court's scheduling order by filing its motion for leave to amend the complaint by the deadline set for "Amendment of Pleadings." Dkt. No. 159. Accordingly, Rule 16 does not apply. *Cf.* Opposition ("Opp."), Dkt. No. 164 at 11–12.

The Court further finds that Defendant would not be prejudiced by the amendment. The SAC does not: (1) add new claims, classes, or defendants; (2) change the class certification order; or (3) otherwise impact the case's merits schedule. Mot. at 1, 3; Reply ("R."), Dkt. No. 166 at 1, 3–4. It conforms the pleadings to the discovery and class certification order, including by incorporating an expert report that Plaintiff produced to Defendant in March 2025. *Id.*; *see Smith v. Apple, Inc.*, No. 21-cv-09527-HSG, 2023 WL 7166807, at *2 (N.D. Cal. Oct. 30, 2023) (granting leave to amend where the complaint did not "add or change any legal claims or parties – but [] conform[ed]" the complaint "to the evidence"). Rather than supporting Defendant's argument, the fact that Plaintiff produced the evidence underlying these facts to Defendant in March 2025 means that Defendant has been on notice of these facts for over a year and a half. *Cf.* Opp. at 2, 4–6. Further, Defendant has had and continues to have ample time to address these facts if necessary, given that discovery does not close until January 4, 2027. Dkt. No. 159.

In the absence of prejudice, Defendant must make a strong showing of the other *Foman* factors. It has not done so. The amendment is not futile, and essentially conforms the pleadings to the known evidence. *See Smith*, 2023 WL 7166807, at *2. Nor does an error in redlining the SAC or any other evidence show bad faith. *Cf.* Opp. at 2. And there was no undue delay here: Plaintiff appropriately sought leave to file the SAC by the Court's deadline. Dkt. No. 159.

**b. Motion to Seal**

Defendant has not established good cause to seal SAC ¶¶ 32(k), 34. Defendant's threadbare sealing declaration's broad and unspecified allegations of harm do not explain how making this material public "could result in improper use by business competitors." Dkt. No. 163 at 2 (citation omitted). And Defendant's citation to cases without detailing how those cases are analogous to the facts of this specific motion is equally unpersuasive. The Court views a

substantial portion of these paragraphs as legal argument about Defendant's obligations, as opposed to disclosures of facts. And the factual elements of these paragraphs appear to be general, high-level statements about how websites may be built or operate, rather than exposing information about how specific components of a website may function in a manner that could lead to misuse by competitors.

It is not dipositive that Defendant engaged non-Party Useablenet. *Id.* at 2. To the extent that, for example, Paragraph 34 may draw from particularized, discrete, and non-generalized sealed materials produced by Usablenet, Defendant must identify those elements in the sealed materials with page and sentence-level specificity. To that end, the Court notes that Defendant contends that the Court authorized this material "to be sealed under Dkt. 132." *Id.* Docket 132 is a "Statement of Recent Decision," not a sealing Order.[1]

## IV. CONCLUSION

The Court **GRANTS** the Motion for Leave, Dkt. No. 160, and **DENIES** the Motion to Seal, Dkt. No. 161. Plaintiffs are directed to file the proposed SAC attached as Dkt. No. 160-2 as a standalone entry on the docket by October 8, 2026. Defendant **SHALL** file any renewed Motion to Seal by 12:00 p.m. PT on October 14, 2026. If none is docketed, on October 15, 2026, Plaintiff **SHALL** file the unredacted SAC on the public docket as a standalone docket entry.

**IT IS SO ORDERED.**

Dated: 10/7/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

[1] Even if Defendant meant to reference Dkt. No. 134, it has not explained how anything in that Order purportedly justifies the sealing of the summary-level information in the SAC.